# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-02-1090-PCT-FJM |
| Plaintiff/Respondent, | CV-06-2206-PCT-FJM (LOA) |
| vs. | **REPORT AND RECOMMENDATION** |
| Edward Dee, | |
| Defendant/Movant. | |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody. (docket # 81[1]) Respondent filed a Response (docket # 86) to which Movant has not replied and the time for doing so has expired.

**I. Procedural Background**

On October 29, 2002, Movant was indicted in the District Court of Arizona, Prescott Division. (docket # 1) Pursuant to a written plea agreement, on September 2, 2003, Movant pleaded guilty to Count of 2, Aggravated Sexual Abuse, Crime on an Indian Reservation, in violation of 18 U.S.C. §§ 1153 and 2241(a). (docket # 1, # 42; Respondents' Exh. B) Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the government and Movant agreed that Movant should receive a sentence of 97 months imprisonment in exchange for Movant's waiver of the right to appeal. (Respondents' Exh. B at 2) The plea agreement also provided that the government would

---

[1] Citations to "docket # ___" are to documents in *United States of America v. Edward Dee*, 02-CR-1090-PCT-FJM.

dismiss Counts 1, 3, and 4 of the indictment at the time of sentencing. (Respondents' Exh. B at 2-4)

The presentence report indicated that Movant's sentencing guideline range was 292 - 365 months at Offense Level 39 and Criminal History Category II. (Respondents' Exh. D at 12, 17) Pursuant to the government's motion, the court granted a downward departure under U.S.S.G. § 6B1.2(c)(2). (Respondents' Exh. D at 9-11) The court accepted the plea agreement. (Respondents' Exh. D at 9-11) On May 25, 2004, the court sentenced Movant to 97 months imprisonment followed by five years supervised release. (Respondents' Exh. D at 22; Exh. E)

Despite his agreement to waive his right to direct appeal, on June 2, 2004, Movant appealed his conviction and sentence. (docket # 65) On August 4, 2005, the Ninth Circuit Court of Appeals dismissed the appeal finding that the plea agreement was valid and that Movant had waived his right to appeal pursuant to that agreement. (Respondents' Exh. F) Movant filed a motion for rehearing which was denied on October 19, 2005. (Respondents' Exh. G)

Thereafter, Movant filed the pending § 2255 motion asserting that he received ineffective assistance of counsel. Specifically, he argues that his guilty plea was "unlawfully induced, or not made voluntarily and knowingly." (docket # 81) He claims that counsel coerced him into entering the plea agreement because they were not prepared for trial. Respondent concedes that Movant's motion is timely, therefore, the Court will not address the statute of limitations.

**II. Analysis**

Based on the following discussion, the undersigned recommends denying the pending § 2255 motion because Movant's claim fails.

**A. Validity of Plea Agreement**

Respondent asserts that the Court should dismiss Movant's § 2255 motion because the Ninth Circuit has already determined that Movant's plea agreement was valid and voluntarily entered. On direct appeal, the Ninth Circuit found that Movant entered the plea agreement "knowingly and voluntarily" and that his waiver of the right to appeal was valid.

(Respondents' Exh. F)   The Ninth Circuit recognizes that "when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999).  Furthermore, Movant's claim lacks merit.

### B. Merits of Movant's Claim

Movant pleaded guilty pursuant to a written plea agreement which the District Court accepted.  Where a movant pleads guilty, review is limited to whether the underlying plea was counseled and voluntary.  United States v. Broce, 488 U.S. 563, 569 (1989); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969)(stating that to comport with due process, a guilty plea must be knowing and voluntary.)

Movant claims that counsel rendered ineffective assistance by coercing him to accept the plea agreement because counsel was not prepared to proceed to trial.  To prevail on a claim of ineffective assistance of counsel, Movant must establish that (1) counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 688-692 (1984).  To establish prejudice, movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Because Movant pleaded guilty pursuant to a written plea agreement, he can only challenge counsel's ineffectiveness as it relates to the voluntariness of his plea.  Tollett v. Henderson, 411 U.S. 258, 267 (1973)("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense of which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [deficient.]")  The Ninth Circuit recognizes that "[a] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v Signori, 844 F.2d 635, 638 (9th Cir. 1988).   "Because of the difficulties in evaluating attorney performance in hindsight, courts considering ineffective counsel claims 'indulge a strong

- 3 -

1  presumption that counsel's conduct falls within the wide range of reasonable professional
2  assistance.'" United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005)(quoting Strickland,
3  466 U.S. at 689).

4　　　　Movant claims that defense counsel, David Bednar and Albert Freeman, were not
5  prepared and, therefore, coerced Movant to plead guilty.  Movant has not submitted any
6  evidence in support of that claim and the record does not support Movant's allegations.  Movant
7  has not shown that counsel provided deficient advice that rendered Movant's plea involuntary.
8  Rather, the record demonstrates that Movant was satisfied with the advice of counsel and that
9  he knowingly and voluntarily pleaded guilty without force, threats, or promises.  (Respondents'
10 Exh. A at 11, 25, 26)  At the change of plea hearing, Movant advised the Court that he had
11 reviewed the charges with counsel. (Id. at 11)  Movant further advised the Court that he was
12 satisfied with the representation provided by counsel.  (Respondents' Exh. A at 11)  When
13 questioned by the Court regarding his apparent reluctance to admit guilt, Movant explained that
14 it was "the emotional aspect on one hand and it's also . . .saying a prayer or two silently within,
15 you know, that I know where I'm at and what I'm doing and what I'm confronted with."
16 (Respondents' Exh. A at 25)  Movant then stated unequivocally, "I am guilty."  (Respondents'
17 Exh. A at 26)  "Solemn declarations in open court carry a strong presumption of verity."  United
18 States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987)(rejecting claim of involuntariness of
19 guilty plea).

20　　　　In accepting Movant's guilty plea, the Court noted that Movant had acknowledged
21 that he was guilty as charged, there was a factual basis for Movant's plea, and that he was aware
22 of his rights and waived those rights knowingly and voluntarily.  (Respondents' Exh. A at 25-
23 26)

24　　　　Because the district court's plea colloquy adhered to the requirements of Rule 11,
25 the plea was not unknowing or involuntary on its face.  Jeronimo, 398 F.3d 1149, 1157.
26 Because the point of Rule 11 is to ensure that a plea is knowing and voluntary, Rule 11 provides
27 authority for the decision that Movant's pleas was voluntary.  Jeronimo, 398 F.3d at 1157(citing
28 Fed.R.Crim.P. 11(c)-(d) (2001) (provisions entitled "Advice to Defendant" and "Insuring That

the Plea is Voluntary"); Fed.R.Crim.P. 11 advisory committee's note, 1975 Enactment (amended Rule 11(c) and (d) outline advice the court must give the defendant and "the steps that the court must take to insure that a . . . plea has been voluntarily made.") The Ninth Circuit has stated that "[a] colloquy satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." Jeronimo, 398 F.3d at 1157.

The court again consider the voluntariness of the plea agreement after the Court had accepted the plea but before sentencing when Movant filed a motion for substitution of counsel and to withdraw from his guilty plea. (docket # 45) The district court conducted a hearing on Movant's motion. When asked why he should be permitted to withdraw from the guilty plea, Movant claimed that he was unhappy with the quality of communication with then counsel David Bednar and Albert Freeman. Movant explained that counsel did not return telephone calls promptly which limited Movant's opportunity to ask questions. (Respondents' Exh. C at 11-13) Movant, however, did not argue that counsel had coerced him to plead guilty.

Movant also claimed that he was innocent of the charges but also avowed that he had not lied when he admitted guilt during the change of plea hearing. When the Court noted the contradiction between Movant's arguments, Movant stated that he wanted to proceed to sentencing and did not want the Court to reject the plea agreement. (Respondents' Exh. C at 15-17) The district court found that Movant's allegations were "completely at odds with the [change of plea proceedings] in Prescott," and that Movant failed to establish a basis to justify withdrawal from the plea agreement. The Court, therefore, denied Movant's motion to withdraw from the plea agreement. (Respondents' Exh. C at 6, 17) The Court, however, permitted Mr. Bednar and Freeman to withdraw as counsel and appointed a new attorney for sentencing. (Respondents' Exh. C at 18)

Further evidence of the voluntary nature of Movant's plea agreement is found in a letter he submitted to the court before sentencing. In a March 25, 2004 letter to the Court, Movant admitted his conduct. (Respondents' Exh. D at 9) During sentencing, the Court noted that it had received Movant's letter and asked counsel, Barbara Spencer, if she was satisfied that

Movant accepted responsibility for his conduct and did not profess his innocence. (Respondents' Exh. D at 9) Ms. Spencer responded, "yes . . . that's why [counsel] submitted his letter to the court." (Respondents' Exh. D at 9) Moreover, Movant again advised the Court that he had no reservations about affirming his plea agreement, that he wanted to proceed with sentencing, and that he was satisfied with Ms. Spencer's representation. (Respondents' Exh. D at 12-14) Movant neither objected to the plea agreement nor challenged counsel's representation. (Respondents' Exh. D at 12-14)

Movant has not established that the performance of counsel was deficient. Id. Moreover, the record does not contain any evidence suggesting that Movant was prejudiced by any acts or omissions of counsel that fell below an objective standard of reasonableness. Accordingly, Movant's claim of ineffective assistance fails.

**III. Conclusion**

Based on the foregoing, Movant's allegations of ineffective assistance of counsel and his challenge to the voluntariness of the plea agreement fail and the Court should deny Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255.

Accordingly,

IT IS HEREBY RECOMMENDED that Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 (docket # 81) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of April, 2007.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge